ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 0 1 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

DOUG FARIAS
    Petitioner,

Civil No. CV06 00057HG BMK

v.

In re: CR. NO. 03-00200HG-03

UNITED STATES OF AMERICA
    Respondent

---

MEMORANDUM OF LAW IN SUPPORT OF

PETITIONER FOR RELIEF PURSUANT TO 28 U.S.C. § 2255

TO VACATE, SET ASIDE, OR CORRECT SENTENCE

---

I

INTRODUCTION

Defendant-Petitioner Doug Farias (hereinafter "Mr. Farias") is a federal prisoner serving a 121 month sentence imposed by this Court. Mr. Farias is currently incarcerated at the Federal Prison Camp located in Florence, Colorado.

Mr. Farias claims that he was deprived of his constitutional right of effective assistance of counsel based on counsel's failure to introduce mitigating circumstances regarding his family history at sentencing and failure to object to the drug quantity attributed to him at sentencing.

Mr. Farias contends that but for counsel's unprofessional errors, he would have received a substantially lower sentence. Mr. Farias respectfully submits that the events which transpired in the instance case constitutes a denial of the Petitioner's Fifth and Sixth Amendment rights. Mr. Farias requests this Court to vacate the sentence and resentence him within the applicable range.

II

**PROCEDURAL HISTORY**

On September 17, 2003, a federal Grand Jury sitting in the District of Hawaii returned a second superseding nine count indictment. Mr. Farias pled guilty pursuant to a plea agreement to counts one and nine of the indictment. Count one: Conspiracy to distribute and possess with intent to distribute methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, and count nine: Criminal forfeiture.

On February 28, 2005, Mr. Farias was sentenced to 121 months and was to surrender for service of sentence at the institution designated by the Bureau of Prisons before 2:00 p.m. on April 12, 2005.

III

**STATEMENT OF FACTS**

At the time of sentencing, Defendant's counsel, Mr. Michael Jay Green failed to present to the Court mitigating circumstances regarding Mr. Farias' family history. Mr. Farias was raised in a home environment where he and his siblings were left for days without any supervision. He had to fend for himself and his sib-

lings which eventually led to a life of crime. If Mr. Farias' family history would have been properly presented to the Court, it would have been the type of information to be considered for a downward departure under the guidelines at the time of sentencing. Mr. Green also failed to dispute the drug quantity and purity of the drugs that were attributed to Mr. Farias. Mr. Farias was accountable based on the Government's claim from statements that were uncorroborated by a co-conspirator for at least 49 lbs of generic methamphetamine and sentenced to 121 months.

## IV

### ARGUMENT

The Sixth Amendment to the United States Constitution guarantees that criminal defendants are entitled to the assistance of counsel in presenting their defense. "Counsel's failure to respond to aggravating evidence and present readily available mitigating evidence was ineffective assistance. Visciotti v. Woodford, 288 F.3d 1097, 1110-17 (9th Cir. 2002). Furthermore, the U.S. Supreme Court has recognized "the right to counsel is the right to effective assistance of counsel." McMann v. Richson, 397 U.S. 759, 771 (1970).

To succeed on a claim of ineffective assistance of counsel, a defendant must show that his "counsel's conduct so undermined the proper functioning of the adversarial process that the hearing cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 104 S. Ct 2055 (1984). In order to prevail on an ineffective assistance of counsel

claim, the defendant must satisfy <u>Strickland's</u> two-prong test, demonstrating that the representation received "fell below an objective standard of reasonableness" and "a reasonable probability (exists) that, but for counsel's unprofessional errors, the results of the proceedings would have been different. Strickland, supra at 2065. But the prejudice that must be shown need not be anything more than something as small as one additional day in jail. <u>Glover v. United States</u>, 531 U.S. 198, 204, 121 S. Ct 696, 701 (2001). "It is the client's right to expect that his lawyer will use every skill, expend every energy, and tap every legitimate resource in the exercise of independent professional judgment on behalf of the client and in undertaking representation of the client's interest." <u>Frazir v. United States</u>, 18 F.3d 778, 785 (9th Cir. 1994).

Applying the above rationale to the case at bar, Petitioner submits that his attorney, Mr. Green should have presented to the sentencing judge the extreme poverty and hardship that he had to experience in his childhood and should have requested a downward departure to his 121 month sentence. By not doing so, he has rendered ineffective assistance of counsel as measured by the <u>Strickland</u> standard. Furthermore, by not objecting to the drug quantity attributed to Mr. Farias or the purity of the drugs, also violated the standard of professional conduct expected from an attorney according to the U.S. Supreme Court <u>Strickland</u> standard.

V

## CONCLUSION

The Sixth Amendment right to counsel of course guarantees

more than just a warm body to stand next to the accused during a critical stage of the proceedings. An accused is entitled to an attorney who plays a role necessary to ensure that the proceedings are fair. Therefore, based on the arguments marshalled thus far, Mr. Farias' defense counsel's performance at Mr. Farias' sentencing phase should be ruled constitutionally substandard, poor enough to impute prejudice to Mr. Farias' sentence and render the results of the sentencing phase unfair and unreliable.

Mr. Farias prays that this Honorable Court grant him the relief he has requested and any other relief this Honorable Court may deem just and proper.

Respectfully submitted,

*Douglas A Farias*
Doug Farias
Reg. No. 89283-022
Federal Prison Camp
P.O. Box 5000
Florence, CO 81226-5000