EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

LOUIS A. BRACCO
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-Mail:  Lou.Bracco@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DOUGLAS A. FARIAS, | ) | CV. NO. 06-00057 HG-BMK |
| | ) | CR. NO. 03-00200-03 HG |
| Petitioner, | ) | |
| | ) | GOVERNMENT'S PRELIMINARY |
| vs. | ) | REPLY TO DEFENDANT DOUGLAS A. |
| | ) | FARIAS' 28 U.S.C. § 2255 |
| UNITED STATES OF AMERICA, | ) | PETITION TO VACATE HIS |
| | ) | SENTENCE, AND, REQUEST FOR |
| Respondent. | ) | ORDER FINDING ATTORNEY-CLIENT |
| | ) | PRIVILEGE WAIVER AS TO FORMER |
| | ) | ATTORNEY MICHAEL GREEN; |
| | ) | EXHIBIT A; CERTIFICATE OF |
| | ) | SERVICE |

GOVERNMENT'S PRELIMINARY REPLY TO DEFENDANT DOUGLAS A. FARIAS'
28 U.S.C. § 2255 PETITION TO VACATE HIS SENTENCE, AND, REQUEST
FOR ORDER FINDING ATTORNEY-CLIENT PRIVILEGE WAIVER
AS TO FORMER ATTORNEY MICHAEL GREEN

A.   INTRODUCTION

This pleading is filed pursuant to Hawaii Local District Rule 7.10 (effective June 2, 2003), and responds, at least preliminarily, to the pro se 28 U.S.C. § 2255 petition filed by convicted Defendant Douglas A. Farias ("Farias") on February 1, 2006.  In this § 2255 petition, Farias challenges

(only) the sentence imposed by this Court upon his conviction (by plea) for a drug trafficking conspiracy offense.

In his present collateral challenge, Farias contends that his sentence was improper because the attorney who represented him at sentencing proceedings was ineffective because: (1) his attorney did not challenge the quantity of drugs underlying Farias' base defense level for sentencing purposes, and (2) his attorney failed to raise possible mitigating facts concerning Farias' childhood. Farias contends that these omissions prejudiced him, arguing that had these matters been raised, he would have received a substantially lower sentence. Accordingly, Farias seeks to have his present sentence vacated, and, be sentenced anew.

In order for the United States Attorney to investigate Farias' claim(s) of ineffectiveness of counsel at sentencing, it will be necessary to interview Michael Green, Esq., the attorney who represented Farias at his sentencing, concerning this claim. Accordingly, for the reasons stated in part C herein, we ask the Court to issue the annexed (proposed) order finding that Farias has waived his attorney-client privilege with respect to Mr. Green as to these issues, so that Mr. Green may be interviewed regarding Farias' claims without violating the attorney-client privilege.

B.   BACKGROUND

On September 17, 2003, a 9-count (Superseding) Indictment was returned in the District of Hawaii charging Farias and seven other defendants with participating in an extensive methamphetamine trafficking conspiracy (Count 1) in violation of 21 U.S.C. §§ 846 and 841(a)(1).  Farias was also individually charged in Count 3 of the Indictment with having possessed a specific quantity of methamphetamine for distribution in violation of 21 U.S.C. § 841(a)(1), and, in Count 9 with criminal forfeiture of specified items of personal property alleged to have been proceeds of the drug conspiracy charged in Count 1. Thereafter, on February 27, 2004, pursuant to a written plea agreement, Defendant Farias pled guilty to the drug conspiracy charged in Count 1 of the Indictment, and, admitted to the forfeiture of his interest in certain personal property as to Count 9 of the Indictment.

Prior to his sentencing proceedings, Farias appeared and testified as a government case-in-chief accomplice witness at the jury trial of Co-defendants Roy Frisbee and William Villa, which trial was held before Judge Gillmor in November and December 2004.  By reason of Farias' trial testimony and other cooperation, the United States Attorney filed (on May 20, 2004 and supplemented on February 17, 2005) a substantial assistance sentencing departure motion on Farias' behalf.

Sentencing proceedings were held in Farias' case on February 28, 2005. As a part of these proceedings, Judge Gillmor determined that the advisory guideline range applicable in Farias' case was total offense level 35 (criminal history category IV), which yielded a sentencing range as to incarceration of 235-293 months. However, as a result of Farias' cooperation, Judge Gillmor granted the government's § 5K1.1 motion and departed downward six levels, from level 35 to level 29. This six level sentencing departure in Farias' favor resulted in a departure guideline sentencing range of level 29 (criminal history category IV), which yielded a prison range of 121-151 months.

As to Count 1, Judge Gillmor imposed the minimum advisory 121-month prison term, to be followed by a 5-year term of supervised release. Additionally, as to Count 9, Farias' interest in the properties identified in Count 9 of the Indictment were ordered forfeited to the United States. Count 3 of the Indictment was dismissed as having been satisfied by Farias' conviction(s) as to Counts 1 and 9, and the sentences imposed thereon.

Farias did not directly appeal his conviction or sentence to the Ninth Circuit. Instead, Farias has filed the present § 2255 proceeding, collaterally attacking (only) his sentence.

C.  DISCUSSION AND REQUEST FOR ORDER FINDING ATTORNEY-CLIENT
    PRIVILEGE WAIVER AS TO FORMER ATTORNEY MICHAEL GREEN

At the outset of our discussion, we note that given (1) the abundant information and evidence as to the drug quantities underlying the base offense level for the several conspirators in this case, and, (2) the generous 6-level cooperation sentencing departure awarded to Farias by Judge Gillmor, <u>it is highly improbable that Farias would have received a lower prison sentence than 121 months, under any circumstances</u>.

However, in order to <u>fully</u> investigate Farias' present claim(s) that his former attorney, Mr. Green, was ineffective for failing to challenge the drug quantity underlining Farias' sentence, and, failing to raise possibly mitigating childhood information concerning Farias, it is necessary for the United States Attorney to interview Mr. Green concerning these matters. It will be necessary to explore the conversations between Defendant Farias and Mr. Green which caused Mr. Green to decide his course of action with respect to these matters. Our position is that by raising this claim of ineffective assistance as to Mr. Green, Petitioner Farias has waived his attorney-client privilege as to conversation(s) related to these issues. <u>Tasby v. United States</u>, 504 F.2d 332, 336 (8th Cir. 1974), <u>cert. denied</u>, 419 U.S. 1125 (1975).

In order for United States Attorney to investigate Farias' claim(s) and to file an informed response, we request

that the Court issue the annexed order, making a written finding that Farias has waived his attorney-client privilege as to these communications/issues, so that Mr. Green can be interviewed by the United States Attorney regarding Farias' claims, without violating the attorney-client privilege.  Mr. Green would undoubtedly decline comment as to these matters, based upon the attorney-client privilege that would otherwise apply, absent a finding of waiver.  Accordingly, undersigned government counsel request this Court to issue the annexed proposed order (Exhibit A), or a similar order, finding that Petitioner Farias has waived his attorney-client privilege as to communications with Mr. Green concerning issues raised by Farias in his present § 2255 petition.

Upon the Court's issuing such an order, we intend to interview Mr. Green and otherwise investigate petitioner's ineffective assistance claim(s).  Upon completing such interviews/investigation, we will file a supplemental response to
//
//
//
//
//
//
//

Farias' petition, which addresses the ineffective assistance of counsel issue(s) raised therein.

        DATED:  March 2, 2006, at Honolulu, Hawaii.

                              Respectfully submitted,

                              EDWARD H. KUBO, JR.
                              United States Attorney
                              District of Hawaii


                              By   /s/ Louis A. Bracco
                                 LOUIS A. BRACCO
                                 Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served by First Class Mail:

>Douglas A. Farias, #89283-022
>Federal Prison Camp
>P.O. Box 6000
>Florence, CO   81226
>
>Pro Se
>
>Michael Green, Esq.
>345 Queen Street, 2nd Floor
>Honolulu, HI 96813
>
>Former Attorney for Petitioner

DATED:  March 2, 2006, at Honolulu, Hawaii.

                                        /s/ Dawn M. Aihara