```
               IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII

DOUG FARIAS,                   )   CIVIL NO. 06-00057 HG-BMK
                               )   CRIM. NO. 03-00200 HG-03
          Petitioner,          )
                               )   ORDER DENYING MOTION TO
     vs.                       )   APPOINT COUNSEL
                               )
UNITED STATES OF AMERICA,      )
                               )
          Respondent.          )
                               )
_____)
```

**ORDER DENYING MOTION TO APPOINT COUNSEL**

On February 1, 2006, Movant Doug Farias ("Farias") filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Section 2255 Motion"). Farias also filed a Motion to Appoint Counsel to assist him in litigating his Section 2255 Motion. (Doc. 467.) The Court **DENIES WITHOUT PREJUDICE** Farias' Motion to Appoint Counsel because Farias has not shown that he is financially eligible, the issues raised are not complex, and the Court finds that an evidentiary hearing is not required.

**BACKGROUND**

On February 27, 2004, Farias pled guilty to participating in a methamphetamine trafficking conspiracy (Count 1 of the indictment) in violation of 21 U.S.C. §§ 846 and 841(a)(1) and

1

admitted to forfeiture of his interest in certain personal property (Count 9 of the indictment).

On February 28, 2005, the Court sentenced Farias, imposing a 121-month prison term, followed by five years of supervised release. The Court also ordered forfeiture of the properties identified in Count 9. The sentence included a six-level downward departure, granting the Government's motion, which was based on Farias' substantial assistance.

In his Section 2255 Motion, Farias claims that he received ineffective assistance of counsel because, at sentencing: (1) his counsel did not properly challenge the drug quantity underlying Farias' base offense level; and (2) his counsel failed to raise mitigating facts regarding his upbringing.

In support of his Motion to Appoint Counsel, Farias submits that the issues in his Section 2255 Motion are complex, Farias' knowledge of the law is limited, and discovery is required to substantiate his ineffective assistance of counsel claims. Farias also states, without any evidentiary or documentary support, that he cannot afford to hire counsel.

## ANALYSIS

I.  **Motion for Appointment of Counsel**

Prisoners do not have the right to appointed counsel to assist them in filing and litigating a § 2255 motion. <u>Bonin v. Vasquez</u>, 999 F.2d 425, 429 (9th Cir. 1993) (citations omitted).

Indigent prisoners may, however, petition the court for appointment of counsel. A district court may appoint counsel to represent a habeas movant whenever "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2).

Appointment of counsel is required if a movant is financially eligible and an evidentiary hearing is mandated or to prevent a due process violation. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) cert. denied 481 U.S. 1023 (1987). If an evidentiary hearing is not necessary to resolve a habeas motion, appointment of counsel is discretionary and turns on a movant's ability to articulate his claims in light of the complexity of the issues and his likelihood of success on the merits. Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). The Court's discretion to appoint counsel is only abused when counsel is constitutionally required. Knaubert, 791 F.2d at 728.

**II.  The Interests of Justice Do Not Require Appoint of Counsel**

The appointment of counsel is not constitutionally required to assist Farias with his Section 2255 Motion. First, Farias has not shown that he is financially eligible. Second, the claims set forth in Farias' Section 2255 Motion are not legally or factually complex and do not require complicated or extensive discovery. Farias pled guilty to the charges for which he was sentenced and the only issues presented in his Section 2255

Motion go to whether his counsel raised, or should have raised, certain issues at sentencing.  Finally, Farias has not made a substantial showing of a denial of a constitutional right and there is nothing in the current record that would make an evidentiary hearing on the Section 2255 Motion necessary.  For these reasons, the interests of justice do not require appointment of counsel.

## CONCLUSION

For the foregoing reasons, Farias' Motion to Appoint Counsel (Doc. 467) is **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 8, 2006.



 /s/ Helen Gillmor
Chief United States District Judge

---

FARIAS v. UNITED STATES OF AMERICA, Civil No. 06-00057 HG-BMK, Crim. No. 03-00200 HG-03; **ORDER DENYING MOTION TO APPOINT COUNSEL**